## Commonwealth v. Caravella

*Joseph J. Nelson,* District Attorney, for Commonwealth.

*Robert M. White, 2d,* for defendant.

ACKER, J., October 17, 1973.—This defendant has appealed into this court a conviction for operating a motor vehicle at less than the 40 mile per hour posted minimum speed on Interstate 80.[1] Defendant's contention is that the minimum speed limit does not apply to a self-propelled crane which was not registered as a motor vehicle and which exceeds the lawful width and weight limitations traveling under permit from the Department of Transportation. Testimony was taken from which this court concludes the following

---

[1] Act of July 31, 1968, P. L. 1021 (No. 302), sec. 1, 75 PS § 1002.

## FINDINGS OF FACT

1. On May 22, 1973, appellant, Frank Caravella, was an employe of Mooney Brothers Supply Company located in New Castle, Lawrence County, Pa.

2. That on that day Mooney Brothers Supply Company owned and defendant was operating as an employe a 600 self-propelled Lima crane on Interstate 80.

3. That Mooney Brothers Supply Company had applied for and obtained a special holding permit No. 667068 issued that day by the Department of Transportation authorizing the movement of the crane from the City of New Castle to Clarion, Pa., on a round trip during the period from the date of issuance to June 6, 1973, during daylight hours.

4. The load was described by the permit as 134 inches in width with a weight of 104,000 pounds and an overall length of 55 feet.

5. The vehicle had no registration plates in that it was used as a piece of construction equipment by appellant's employer.

6. Approximately one mile east of Interstate 79 on Interstate 80, appellant was stopped at 11 a. m. on May 22, 1973, by Trooper John E. Gwinn, of the Pennsylvania State Police, was ordered to leave Interstate 80 at Exit 3 and was issued a citation charging a violation of subsection (g) of section 1002 of The Vehicle Code in that the operator failed to maintain a minimum speed on a limited access highway. The speed was less than 40 miles per hour.

7. Appellant testified that he could operate the vehicle at a speed greater than 40 miles per hour but that he had not had sufficient distance to get up speed in the one mile from the entry onto Interstate 80 from Interstate 79.

8. His employer testified that the vehicle could not be safely operated at a speed in excess of 40 miles per

hour with the boom, as it was being operated on the day of this occurrence.

9. The employer then applied on that same date to the Department of Transportation for a new permit authorizing the device to continue on its trip to Clarion and return. The new permit made no mention of a minimum speed restriction. The trip was completed to Clarion and the device returned without further incident.

Subsection (g) of section 1002 limits its application to a "motor vehicle." A motor vehicle is defined[2] as "any vehicle, as herein defined, which is self-propelled, except tractors, power shovels, road graders, agricultural machinery and vehicles which move upon or are guided by a track. . ."

The device in question does not operate on a track nor is it guided by a track but rather runs on wheels. It is not registered because it is claimed that the Department of Revenue has no authority to require registration of oversized and overweight vehicles not regularly operated or moved on Pennsylvania highways.[3]

Defendant's contentions are, in addition, that the vehicle involved is either a tractor or a self-propelled power shovel in that it is possible that by attachments the vehicle could be used through its crane to lift earth in a shovel.

Not finding a definition of either a tractor or power shovel in the act, this court inquired of Secretary

[2] Act of July 31, 1968, P. L. 1021 (No. 302), sec. 1, 75 PS § 1002.

[3] Appellant relies upon Central Pennsylvania Quarry Stripping and Construction Co. v. Gleeson, 13 D. & C. 2d 363 (1957). There, the Secretary of Revenue and the Director of the Bureau of Motor Vehicles were enjoined from requiring a registration of oversized vehicles which are not construed as required by The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS § 101, et seq.

Jacob G. Kassab, the Secretary of Transportation of the Department of Transportation of the Commonwealth, for advice as to this matter. Response came from Reynold J. Kosek, Assistant Attorney General for the Department of Transportation that it was their opinion that:

". . . the self-propelled crane in question can neither be a commercial vehicle nor a tractor. For it to be one or the other, it must come within the width limits prescribed by the Department. If it exceeds the weight limit but remains within the width limit, it can be either a commercial vehicle or a tractor, but requires a special permit to use the highway."

Further, this court learns from the department that:

"As a prerequisite to issuing such a special permit, the applicant must state that the piece of equipment for which the permit is to be granted can travel over the highway at the minimum speed posted. If he fails to maintain the minimum speed, he is subject to the penalty provided and must get another such special permit routing him over a highway not requiring a minimum speed."

The Assistant Attorney General has furnished from the department's central office permit section this definition of a crane or power shovel:

"A crane or power shovel moving under its own power, mounted on a regular truck chassis, which does not exceed 55 feet in length, 96 inches in width, and 162 inches in height may be registered as a commercial vehicle in one of the twenty classes."

It is to be noted that the vehicle in question exceeds the 96 inches in width, being 134 inches, and the height is unknown from the evidence. It meets only the requirement of length being exactly 55 feet.

The definition of crane or power shovel further provides for a vehicle moving under its own power, as in

the instant case, if it does not exceed 55 feet in length, 110 inches in width, and the height being not specified, that such a vehicle may be registered as a second class tractor except that when the weight exceeds 60,000 pounds for four or more axles an additional $5 fee is to be charged, plus two cents per ton mile for the entire width of the vehicle. It can readily be seen that the device presently before this court cannot fit within the definition of a crane or power shovel because of its excessive width, regardless of its weight.

The issue before this court is whether defendant is guilty of the charge of failing to drive 40 miles per hour, or greater, when that is the minimum posted speed limit. Appellant admits that he was not driving 40 miles per hour, but raised as a defense that he did not have sufficient distance to get up the minimum speed. He had traveled, however, a full mile.

Minimum speeds on interstate highways are justified because of the high speed nature of the vehicles traveling thereon. The reason given by the employer for using the interstate was because the bridges were inadequate on other highways. It is not difficult to envision the potential danger to the traveling public to have an apparatus 11 feet 2 inches in width, 55 feet in length, weighing 104,000 pounds traveling down an interstate highway at a speed less than 40 miles per hour. There is no authority for the Department of Transportation to permit such a vehicle upon the interstate highway and, in fact, the secretary, through his attorney, responds that he does not grant permission for such vehicles if they cannot meet the minimum speed requirements. If this apparatus could not get up a speed of 40 miles per hour, it should not have been issued a permit in the first instance. It is a motor vehicle under the definition contained in The Vehicle Code.

Trooper Gwinn acted properly in issuing the citation and in ordering the vehicle off of the interstate.

Wherefore, it is the conclusion of this court that defendant is guilty of the charge.

## ORDER

And now, October 17, 1973, it is the finding of this court that defendant is guilty of the offense of operating a device upon Interstate 80 at a speed of less than the minimum 40 miles per hour posted and is fined $10 and the costs.